# United States District Court

for the

### Western District of New York

**United States of America**

v.

**MARC HOFFMAN,**

Case No. 22-MJ-- 4130

*Defendant*

### CRIMINAL COMPLAINT

I, CHRISTOPHER TOSCANO, the complainant in this case, state that the following is true to the best of my knowledge and belief: That between in or about January 2022 through on or about October 5, 2022, in the Western District of New York and elsewhere, the defendant, MARC HOFFMAN:

(1) did knowingly distribute and receive child pornography that had been transported in and affecting interstate and foreign commerce, including by computer, in violation of 18 U.S.C. § 2252A(a)(2)(A); and

(2) did knowingly possess and access with intent to view, material that contained images of child pornography that had been transported using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, including by computer, and that were produced using materials that had been shipped and transported in and affecting interstate and foreign commerce, in violation of 18 U.S.C. § 2252A(a)(5)(B).

**SEE ATTACHED AFFIDAVIT OF FBI TASK FORCE OFFICER CHRISTOPHER TOSCANO.**

This Criminal Complaint is based on these facts:

☒ Continued on the attached sheet.

_____
*Complainant's signature*

CHRISTOPHER TOSCANO, Task Force Officer, FBI
*Printed name and title*

Affidavit and Criminal Complaint submitted electronically by email in .pdf format. Oath administered, and contents and signature, attested to me as true and accurate telephonically pursuant to Fed.R.Crim. P. 4.1 and 4(d) on:

Date: ___November  7  , 2022___

City and State:  Rochester, New York

*Marian W. Payson*
_____
*Judge's signature*

MARIAN W. PAYSON
UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

STATE OF NEW YORK )
COUNTY OF MONROE )   ss.:
CITY OF ROCHESTER )

CHRISTOPHER TOSCANO, being duly sworn, deposes and states as follows:

1. I have been employed as a Deputy with the Monroe County Sheriff's Office since 2012 and am currently assigned as a Task Force Officer with the FBI's Child Exploitation Task Force. I have been a member of the Child Exploitation Task Force since March of 2017. In my position, I am responsible for investigating crimes involving child exploitation and child pornography, including the production, distribution, receipt, and possession of child pornography, as well as the enticement of minors, in violation of Title 18, United States Code, Sections 2251, 2252A, and 2422.

2. This affidavit is submitted in support of a criminal complaint alleging that MARC HOFFMAN (hereinafter "HOFFMAN"), born XX/XX/1997, did knowingly receive and possess child pornography that had been transported in or affecting interstate or foreign commerce, in violation of Title 18, United States Code, Sections 2252A(a)(2)(A) and 2252A(a)(5)(B).

3. The information contained in this affidavit is based on my personal knowledge and investigation of this matter, my review of a forensic extraction of a digital device obtained from HOFFMAN, my interview of HOFFMAN, my training and experience, conversations with other law enforcement officers and witnesses, and my review of documents, reports and records gathered through the investigation of this case.

4. Because this affidavit is being submitted for the limited purpose of establishing probable cause to support a criminal complaint, I have not included every fact

known to me concerning this investigation. I have set forth the facts that I believe are necessary to establish probable cause to believe that HOFFMAN did violate Title 18, United States Code, Sections 2252A(a)(2)(A) and 2252A(a)(5)(B).

## BACKGROUND OF INVESTIGATION

5. On September 20, 2022, your affiant was notified that an anonymous person sent an email to a certain School District located in the Western District of New York. This email was submitted on September 19, 2022, and stated the following:

a. "It's been brought to my knowledge that a substitute teacher at your school (Marc) is not suitable to be working there anymore. He recently added me on snapchat today and told me he was 24 i told him i was 17 A MINOR and he said that is perfectly fine and asked me for pics. this man should be fired immediately."

6. This certain School District made attempts to contact the anonymous person with negative results.

7. On October 3, 2022, HOFFMAN was interviewed by members of the School District. In sum and substance, HOFFMAN admitted that the allegation in the email complaint were true and that he had sent images of his genitalia through Snapchat to someone he knew to be 17 years of age or under. HOFFMAN was subsequently terminated from his employment.

8. On October 5, 2022, Task Force Officer (TFO) Carlton Turner and I conducted a recorded, non-custodial interview with HOFFMAN. In sum and substance HOFFMAN acknowledged communicating online with minors. HOFFMAN indicated he would utilize the website Omegle to meet random individuals and then move to Snapchat

where he would exchange images of his genitalia with this person. HOFFMAN indicated the youngest person he ever communicated with was 13 years old. HOFFMAN could not recall if he sent images of his penis to the 13-year-old or ever received images of the 13-year old's penis. HOFFMAN indicated he has talked to approximately 20 different minors online and during that time has received images of the minors to include their penis exposed. HOFFMAN indicated he knew this was wrong and that the images constitute child pornography.

9. HOFFMAN further indicated that he has a sexual attraction to children and further indicated that if given the chance to choose between talking to an adult or a 16-year-old, he would choose the 16-year-old. HOFFMAN provided his Snapchat account "cr4m0013" as the account in which he exchanged photographs with the minors. HOFFMAN further indicated that he believes he communicated one time on Instagram with a minor. HOFFMAN provided his Instagram account as "cr4m0013".

10. When asked what type of device HOFFMAN utilized to communicate with the minors, HOFFMAN stated his cell phone, that being a Samsung Galaxy A71. I did provide HOFFMAN with a consent to search form requesting permission to search HOFFMAN's Samsung Galaxy A71. HOFFMAN did sign the consent form and provided the passcode for his cell phone.

11. An extraction was conducted on the Samsung Galaxy A71 in which revealed among many things the following content.

    a. Snapchat Messages with Snapchat User A:
        i. Snapchat User A – "Wanna see my little brother"
        ii. cr4m0013 – "Yea"
        iii. cr4m0013 – "You guys mess around together"

iv. Snapchat User A – "Yea"

b. Snapchat User A does send an image in which depicts a boy approximately ten to twelve years old naked from the waist down and his testicles are exposed.

c. Snapchat User A sends a video depicting what is believed to be Snapchat User A naked with his penis exposed in the shower and is masturbating.

12. Further observed were approximately two images of child pornography. Your affiant did review these images and describe them as follows:

a. An image depicting a boy approximately fifteen to seventeen years old naked with his penis exposed.

b. An image depicting a boy approximately nine to 12 years old engaging in a sexual act with another individual.

13. On October 24, 2022, HOFFMAN was interviewed again at his residence by TFO Turner and I. HOFFMAN was shown a copy of the Snapchat messages with Snapchat User A. In sum and substance, HOFFMAN acknowledged remembering communicating with this individual. HOFFMAN indicated that he believed this user told him he was 15 years old. HOFFMAN further acknowledged receiving a video of Snapchat User A in the shower naked and masturbating along with the image of Snapchat User A's "little brother". When asked how old HOFFMAN believed this individual was (in reference to "little brother", HOFFMAN stated "I couldn't even tell you maybe 14, 15 he does look younger".

14. HOFFMAN was further shown images A and B as described in paragraph 12 above. HOFFMAN indicated he did not recall seeing these images but acknowledged image B depicted someone who could be "9" years old.

15.     The Snapchat application operates using a means and facility of interstate and foreign commerce, that is the internet.  HOFFMAN used a Samsung Galaxy A71 to communicate and access the Snapchat application.  The Samsung Galaxy cell phone contains the trade inscription "Manufactured in Vietnam" and therefore has travelled in and affecting interstate and foreign commerce.

## CONCLUSION

16.     Based upon the foregoing, your affiant respectfully submits that there is probable cause to believe that MARC HOFFMAN did knowingly receive and possess child pornography in violation of Title 18, United States Code, Sections 2252A(a)(2)(A) and 2252A(a)(5)(B).

CHRISTOPHER TOSCANO
Task Force Officer
Federal Bureau of Investigation

Affidavit submitted electronically by email
in .pdf format. Oath administered, and contents
and signature, attested to me as true and accurate
telephonically pursuant to Fed. R. Crim. P. 4.1
and 4(d) on this __7th__ day of November 2022.

MARIAN W. PAYSON
UNITED STATES MAGISTRATE JUDGE