IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

v.                                                              23-CR-6037 CJS

MARC HOFFMAN,

                                Defendant.

_____

## PLEA AGREEMENT

The defendant, MARC HOFFMAN, and the United States Attorney for the Western

District of New York (hereinafter "the government") hereby enter into a plea agreement

with the terms and conditions as set out below.


## I.    THE PLEA AND POSSIBLE SENTENCE

1.    The defendant agrees to waive indictment and to plead guilty to a one count

Information charging a violation of Title 18, United States Code, Sections 1466A(b)(1)(A)

and 2252A(b)(2) (possession of obscene visual depiction of minor), for which the maximum

possible sentence is a term of imprisonment of 20 years, a fine of $250,000, a $100 special

assessment, and a term of supervised release of at least 5 years and up to life. The defendant

understands that the penalties set forth in this paragraph are the maximum penalties that can

be imposed by the Court at sentencing.

2.      The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release and if the defendant commits any criminal offense under Chapter 109A, 110 or 117, or Sections 1201 or 1591 of Title 18, United States Code, for which imprisonment for a term longer than 1 year can be imposed, the defendant shall be sentenced to a term of imprisonment of not less than 5 years and up to life. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in Paragraph 1 of this agreement.

## II.    ELEMENTS AND FACTUAL BASIS

3.      The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

   a.  The defendant knowingly possessed a visual depiction of any kind;

   b.  The visual depiction depicts a minor engaging in sexually explicit conduct;

   c.  The defendant knew the visual depiction was of a minor;

   d.  The visual depiction is obscene;

   e.  The defendant knew at the time of possession] that the contents of the visual depiction were of a sexually oriented nature; and

2

f.   Any visual depiction involved in the offense had been mailed or transported in interstate or foreign commerce or was produced using materials that have been mailed or transported in interstate or foreign commerce.

## FACTUAL BASIS

4.   The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

a.   Between in or about January 2022 and in or about October 2022, in the Western District of New York, the defendant knowingly possessed visual depictions of minors engaging in sexually explicit conduct, which visual depictions were obscene and been transported in interstate or foreign commerce and were produced using materials that had been transported in interstate or foreign commerce.

b.   Specifically, the defendant possessed a Samsung Galaxy A71 which he used to receive, possess, and view the obscene depictions.  This device was manufactured outside of New York State and travelled in and affecting interstate and foreign commerce. The defendant obtained the obscene depictions via the internet.

## III.    SENTENCING GUIDELINES

5.   The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## BASE OFFENSE LEVEL

6.   The government and the defendant agree that Guidelines § 2G2.2(a)(1) applies to the offense of conviction and provides for a base offense level of 18.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

7.   The government and the defendant agree that the following specific offense characteristic does apply:

a.  the two-level increase pursuant to Guidelines § 2G2.2(b)(6) [the offense involved use of a computer].

## ADJUSTED OFFENSE LEVEL

8.  Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is 20.

## ACCEPTANCE OF RESPONSIBILITY

9.  At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in an offense level of 17.

## CRIMINAL HISTORY CATEGORY

10.  It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

11.  It is the understanding of the government and the defendant that, with a total offense level of 17 and criminal history category of I, the defendant's sentencing range would

4

be a term of imprisonment of **24 to 30** months, a fine of $10,000 to $95,000, and a period of supervised release of 5 years to life. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

12.     The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above. The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

13.     The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

### IV.    STATUTE OF LIMITATIONS

14.     In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V.    REMOVAL

15.    The defendant represents that he is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI.    GOVERNMENT RIGHTS AND OBLIGATIONS

16.    The defendant understands that the government has reserved the right to:

a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c. advocate for a specific sentence consistent with the terms of this agreement including the amount of [restitution and/or] a fine and the method of payment;

d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and

e. oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

17.    The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation

6

18.    At sentencing, the government will move to dismiss the Criminal Complaint pending against the defendant under Magistrate's No. 22-MJ-4130.

## VII.    RESTITUTION AND FINANCIAL PENALTY PROVISIONS

19.    The defendant acknowledges that pursuant to Title 18, United States Code, Section 2259, the Court must order restitution for the full amount of the victim's or victims' compensable losses, but no less than $3,000 per victim. The defendant understands that the order of restitution shall be issued and enforced in the same manner as an order issued pursuant to Title 18, United States Code, Section 3663A and in accordance with Sentencing Guidelines § 5E1.1. The defendant understands that defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court.

20.    Pursuant to 18 U.S.C. § 3663(a)(3), 18 U.S.C. § 3663A(a)(3), 18 U.S.C. §3664 and 18 U.S.C. § 2259, the defendant agrees to make full restitution to all minor victims of the defendant's offenses as to all counts charged, whether or not the defendant enters a plea of guilty to such counts and whether or not such counts are dismissed pursuant to this agreement. Further, the defendant agrees to pay restitution to any of the minor victims, for the entire scope of the defendant's criminal conduct, including but not limited to all matters included as relevant conduct. The defendant acknowledges and agrees that this criminal conduct (or relevant conduct) includes any minor victim of any child pornography offenses, charged or uncharged, under Chapter 110, United States Code, and any minor victim of any violation of federal and/or state law committed by the defendant, including any contact sexual offense.

21.     The defendant agrees that the defendant will not oppose bifurcation of the sentencing hearing under 18 U.S.C. § 3664(d)(5) if the victims' losses are not ascertainable prior to sentencing.

22.     The defendant agrees to disclose fully and completely all assets in which the defendant either has any property interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party.  The defendant agrees to make complete financial disclosure to the United States by truthfully executing a sworn financial statement by the deadline set by the United States, or if no deadline is set, no later than two weeks prior to the date of sentencing.  The defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms for the United States to obtain tax information, bank account records, credit history, and social security information.  The defendant agrees to discuss or answer any questions by the United States relating to the defendant's complete financial disclosure.  The defendant will submit to an examination under oath and/or a polygraph examination conducted by an examiner selected by the U.S. Attorney's Office on the issue of the defendant's financial disclosures and assets, if deemed necessary by the U.S. Attorney's Office.  The defendant certifies that the defendant has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by the agreement and/or that may be imposed upon the defendant by the Court.  In addition, the defendant promises that the defendant will make no such transfers in the future.

23.    The defendant understands and agrees that the Court, at the time of sentencing, will order that all monetary penalties imposed at that time (including any fine, restitution, or special assessment imposed in accordance with the terms and conditions of this plea agreement) are to be due and payable in full immediately and will be (i) subject to immediate enforcement as provided for in 18 U.S.C. § 3613, and (ii) submitted to the Treasury Offset Program (TOP) so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts but will not affect any periodic payment schedule set by the Court.

24.    The defendant understands and acknowledges that any schedule of payments imposed by the Court at the time of sentencing is merely a minimum schedule of payments and does not, in any way, limit those methods available to the United States to enforce the judgment.

25.    The defendant agrees that any funds and assets in which the defendant has an interest, which have been seized or restrained by the government or law enforcement as part of the investigation underlying this plea agreement, and not subject to forfeiture, will be used to offset any judgment of restitution and fine imposed pursuant to this plea agreement, or to satisfy any debts owed by the defendant to the United States and/or agencies thereof.

26.    To the extent that the defendant has an interest, the defendant authorizes the District Court Clerk to release any funds posted as security for the defendant's appearance bond in this case, which funds shall be applied to satisfy the financial obligation(s) of the defendant pursuant to the judgment of the Court.

27.     The defendant is aware that voluntary payment of restitution prior to adjudication of guilt is a factor in considering whether the defendant has accepted responsibility under the United States Sentencing Guidelines §3E1.

## VIII.  APPEAL RIGHTS

28.     The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 11 above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

29.     The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

30.     The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 12 above, notwithstanding the manner in which the Court determines the sentence. However, in the

event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## IX.    FORFEITURE PROVISIONS

31.    The defendant specifically acknowledges that in furtherance of the defendant's criminal conduct the defendant utilized the following cellular phone and related components which was seized by law enforcement officials based upon the execution of a search warrant:

> a.    One (1) Samsung Galaxy A71, Model: SM-A716U1, bearing serial number: R5CN804FAXW.

32.    Since the cellular phone was an instrumentality of the crime, the defendant specifically agrees to the forfeiture of the cellular phone and related components to the United States pursuant to Title 18, United States Code, Sections 1467, 2253(a)(1) and 2253(a)(3). All forfeited property will be referenced in the PRELIMINARY ORDER OF FORFEITURE, and the defendant waives any rights or interest in the cellular phone and related components in which the defendant may still possess or for which the defendant may have any claim.

33.    The defendant understands that the United States and any law enforcement agency acting on behalf of the United States may, in its discretion, destroy the cellular phone referred to in this agreement.

34.    After the acceptance of the defendant's guilty plea, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the Court will issue a Preliminary Order of Forfeiture for the item listed above. The defendant hereby waives any right to notice

11

of such Preliminary Order of Forfeiture. The defendant further consents and agrees that the Preliminary Order of Forfeiture and a Final Order of Forfeiture shall issue and become final as to the defendant prior to sentencing and agrees that it shall be made part of the defendant's sentence and included in the judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure. The defendant further agrees to waive any time restrictions or requirements as provided in Title 18, United States Code, Section 983, any notice provisions in Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that the defendant understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure, at the time the guilty plea is accepted.  Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

35.    The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the cellular phone. The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of this asset in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding. The defendant further agrees to waive any claim or defense under the Eighth

Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States.

36. The defendant agrees that forfeiture of the aforementioned property as authorized herein shall not be deemed an alteration of the defendant's sentence. Forfeiture of the asset shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this court may impose upon the defendant in addition to forfeiture.

## X. TOTAL AGREEMENT AND AFFIRMATIONS

37. This plea agreement represents the total agreement between the defendant, MARC HOFFMAN, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

TRINI E. ROSS
United States Attorney
Western District of New York

BY: _____

RICHARD A. RESNICK
Assistant United States Attorney

Dated: April 10, 2023

13

## ACKNOWLEDGEMENT

I have read this agreement, which consists of pages 1 through 14. I have had a full opportunity to discuss this agreement with my attorney, Jeffrey Ciccone, Esq., I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.


_____

MARC HOFFMAN
Defendant

Dated:   April 10, 2023


_____

JEFFREY CICCONE, ESQ.
Attorney for the Defendant

Dated: April 10, 2023

14